UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RITA FAAFITI,<br><br>             Plaintiff,<br><br>   vs.<br><br>WARDEN ESTELA DERR,<br><br>             Defendant. | CIV. NO. 23-00033 LEK-WRP |

**ORDER DISMISSING, WITH PREJUDICE, "PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241, SEEKING AN ORDER DIRECTING THE BUREAU OF PRISONS ('BOP') TO APPLY FIRST STEP ACT ('FSA') EARNED TIME CREDITS ('ETC')"**

Before the Court is pro se Petitioner Rita Faafiti ("Petitioner" or "Faafiti") "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241, Seeking an Order Directing the Bureau of Prisons ('BOP') to Apply First Step Act ('FSA') Earned Time Credits ('ETC')" ("Petition"), filed on January 23, 2023. [Dkt. no. 1.] On March 2, 2023, Respondent Estela Derr, Warden of the Federal Detention Center in Honolulu, Hawai`i ("Respondent" or "Warden Derr" and "FDC Honolulu") filed her response to the Petition. [Dkt. no. 5.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Faafiti's Petition is hereby dismissed with prejudice for the reasons set forth below.

## BACKGROUND

On December 18, 2019, Faafiti was originally sentenced to twenty-four months imprisonment and six years of supervised release. See United States v. Faafiti, CR 18-00150 DKW ("CR 18-150"), Judgment in a Criminal Case, filed 12/19/19 (dkt. no. 58) ("Judgment"), at 1-3. Faafiti began her term of supervised release on April 16, 2021. See id., Request for Course of Action (Statement of Alleged Violations of Supervised Release), filed 7/15/22 (dkt. no. 60), at 2. On September 20, 2022, Faafiti was sentenced to thirteen months imprisonment and seventy-two months of supervised release for violating some of her conditions of supervised release. See id., Judgment in a Criminal Case, filed 9/20/22 (dkt. no. 79). Faafiti was released from imprisonment on April 26, 2023. See Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited June 30, 2023). Faafiti is currently serving her term of supervised release.

At the time of the filing of the Petition, Faafiti was incarcerated at FDC Honolulu. [Petition at PageID.1.] Faafiti states that she is "seeking an order directing the BOP to apply [her] FSA Earned Time Credits." [Id.] Faafiti acknowledges that she did not exhaust her administrative remedies, but she contends that the exhaustion requirement should be waived because of her impending release date. See id. After Faafiti

2

violated some of her conditions of supervised release, she was imprisoned at FDC Honolulu on October 4, 2022, and at the time of the Response, Faafiti had a statutory release date of June 15, 2023.  See Response, Decl. of Kris Robl ("Robl Decl.") at ¶¶ 8b-c.  Warden Derr states that, "[o]n February 11, 2023, the BOP ran its FSA auto-calculation software for all eligible inmates, and Petitioner's FSA computation updated at that time to reflect 40 days of ETCs with a new projected release day of May 6, 2023."  [Response at 3 (some citations omitted) (citing Robl Decl. at ¶ 9).]  Warden Derr argues the Petition is now moot.  See Response at 3-4.

### STANDARD

> "Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."  United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Yanagihara v. Derr, Civil No. 22-00145 JAO-RT, 2023 WL 2163685, at *3 (D. Hawai`i Feb. 22, 2023).  "In particular, a petitioner may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition."  Walsh v. Boncher,

3

No. 22-cv-11197-DLC, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023) (citation and internal quotation marks omitted).

## DISCUSSION

As a threshold matter, the Court must address Warden Derr's argument that Faafiti's Petition is moot.

> Article III of the Constitution limits the jurisdiction of the federal courts to "actual, ongoing" "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990); see United States v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007). "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citation and internal quotation marks omitted). . . . "[P]arties must continue to have a personal stake in the outcome of [a] lawsuit," Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted) . . . .

Yanagihara, 2023 WL 2163685, at *3 (some alterations in Yanagihara).  Because Faafiti has already obtained the relief that the Petition seeks - her release from incarceration - she no longer has a personal stake in the outcome of this case.  In other words, even if Faafiti is correct that the BOP failed to apply FSA earned time credits at the time she filed the Petition, this Court is unable to grant her any form of relief under § 2241 to remedy that wrong because the credits have already been applied.  See Spencer, 523 U.S. at 7 ("[T]hroughout the litigation, the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the defendant and

4

**likely to be redressed by a favorable judicial decision.**" (emphasis added) (citation and internal quotation marks omitted)).

This Court therefore concludes that Faafiti's Petition is moot and must be dismissed. The dismissal is with prejudice, in other words - without leave to amend, because it is not possible for Faafiti to amend her Petition to cure this defect. See Dejapa v. Derr, CIVIL NO. 23-00090 JAO-KJM, 2023 WL 2758890, at *1 (D. Hawai`i Apr. 3, 2023) ("The district court should not dismiss a habeas petition 'without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.'" (quoting Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971))).

Because this Court has dismissed the Petition as moot, it is not necessary to address any of the other issues raised regarding the Petition, including, but not limited to, the issue of whether Faafiti's failure to exhaust her administrative remedies should be excused. This Court makes no findings or conclusions regarding these issues.

## CONCLUSION

On the basis of the foregoing, Faafiti's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241, Seeking an Order Directing the Bureau of Prisons ('BOP') to Apply First Step Act ('FSA') Earned Time Credits ('ETC')," filed

January 23, 2023, is DISMISSED WITH PREJUDICE because the Petition is moot.  The Clerk's Office is DIRECTED to enter judgment and close the case on **July 21, 2023,** unless Faafiti files a timely motion for reconsideration of this Order.

Because Faafiti is serving her term of supervised release, the Clerk's Office is DIRECTED to serve a copy of this Order on the United States Probation Office to assist with the service of the Order on Faafiti.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 6, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RITA FAAFITI VS. WARDEN ESTELA DERR; CV 23-00033 LEK-WRP; ORDER DISMISSING, WITH PREJUDICE, "PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241, SEEKING AN ORDER DIRECTING THE BUREAU OF PRISONS ('BOP') TO APPLY FIRST STEP ACT ('FSA') EARNED TIME CREDITS ('ETC')"**